UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT GREENEVILLE

| | | |
|---|---|---|
| MICHAEL A. NELMS, | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 2:07-CV-163 |
| | ) | (GREER / SHIRLEY) |
| | ) | |
| MICHAEL J. ASTRUE, | ) | |
| Commissioner of Social Security, | ) | |
| Defendant. | ) | |

**O R D E R**

This matter is before the Court on the Report and Recommendation ("R&R") of United States Magistrate Judge C. Clifford Shirley, Jr., [Doc. 12], in which the Magistrate Judge recommends that the Plaintiff's motion for summary judgment [Doc. 8] be denied and the Commissioner's motion for summary judgment [Doc. 9] be granted. The Plaintiff has filed objections to the Report and Recommendation. [Doc.13]. After careful consideration of the Plaintiff's objection and careful and *de novo* review of the entire record in this matter, this Court will **ACCEPT and ADOPT** the Magistrate Judge's findings of fact, conclusions of law, and recommendations pursuant to 28 U.S.C. § 636(b)(1) and Rule 71(b) of the Federal Rules of Civil Procedure, and accordingly will **DENY** Plaintiff's motion for summary judgment, will **GRANT** defendant's motion for summary judgment and this case will be **DISMISSED**.

## I. Standard of Review

This Court must conduct a *de novo* review of those portions of the R&R to which objection is made and may accept, reject, or modify, in whole or in part, the Magistrate Judge's findings or recommendations. 28 U.S.C. § 636(b)(1). The Court's standard of review is essentially the same as the Magistrate Judge's - review is limited to determining if the findings of the Administrative Law Judge ("ALJ") are supported by substantial evidence and if the proper legal standards were used. 42 U.S.C. § 405(g); *Brainard v. Sec'y of Health and Human Services*, 889 F.2d 679, 681 (6th Cir. 1989). "Substantial evidence" means evidence a reasonable mind might accept to support the conclusion at issue. *Richardson v. Perales*, 402 U.S. 389, 401 (1971). Substantial evidence is greater than a scintilla but less than a preponderance. *Stanley v. Sec'y of Health and Human Services*, 39 F.3d 115, 117 (6th Cir. 1994); *Brainard*, 889 F.2d at 681. If supported by substantial evidence, the Court must affirm the ALJ's findings, even if substantial evidence also supports the opposite conclusion. *Jones v. Comm'r of Soc. Sec.*, 336 F.3d 469, 475 (6th Cir. 2003). The ALJ need not discuss every aspect of the record or explain every finding at length but must "articulate with specificity reasons for the findings and conclusions that he or she makes" to facilitate meaningful judicial review. *Bailey v. Comm'r of Soc. Sec.*, 1999 WL 96920, *4 (6th Cir. Feb. 2, 1999).

## II. Facts and Administrative Procedures

The Magistrate Judge's R&R engaged in an extensive discussion of the administrative proceedings, how disability benefits are determined, and the ALJ's findings. The R&R also discussed the evidence and testimony given at the hearing before the ALJ. Plaintiff does not object to these portions of the R&R. Therefore, the Court will accept and adopt those portions of the R&R.

## III. Analysis

As correctly set forth by the Magistrate Judge in his R&R, disability is evaluated pursuant to a five step analysis and considers whether the claimant: 1) worked during the alleged period of disability; 2) has a severe impairment; 3) has an impairment that meets or equals the requirements of an impairment listed in the regulations; 4) can return to past relevant work; and 5) if not, whether he or she can perform other work in the national economy. 20 C.F.R. § 416.920(a). Plaintiff bears the burden of proof at the first four steps. *Walters v. Comm'r of Soc. Sec.*, 127 F.3d 525, 529 (6th Cir. 1997). At the fifth step, the burden shifts to the Commissioner and the Commissioner must prove that there is work available in the national economy that the claimant could perform. *Her v. Comm'r of Soc. Sec.*, 203 F.3d 388, 391(6th Cir. 1999) (citing *Bowen v. Yuckert*, 482 U.S. 137, 146 (1987)); *Walters* 127 F.3d at 529

Defendant makes three objections to the R&R. First, plaintiff argues that, although the ALJ found a severe impairment due to degenerative disc disease, it was error for the ALJ not to find a severe impairment as a result of plaintiff's depression and secondly, that the

3

finding that the plaintiff had no severe mental impairment is not supported by the applicable law, regulations, or evidence. Thirdly, plaintiff argues that the ALJ did not afford sufficient weight to the opinions of plaintiff's treating physicians.

    A.    **The Alleged Mental Impairment**

In reality, plaintiff's first two objections deal with the same issue. On the one hand, plaintiff argues that the ALJ erred in not finding that he has a severe mental impairment and, secondly, that the ALJ's decision in that respect is not supported by substantial evidence. Plaintiff's argument is somewhat unusual because, as the Magistrate Judge noted, "[p]laintiff passed step two because the ALJ found he had a severe impairment," which allowed the ALJ to continue to step three of the sequential analysis. The Magistrate Judge correctly found the plaintiff's arguments to be unpersuasive and the plaintiff's position has been specifically rejected by the Sixth Circuit Court of Appeals.

The Court initially notes that the plaintiff makes no effort to show how the alleged error in any way affected the ALJ's ultimate findings. The plaintiff does not argue that his depression, if found to be a severe impairment, in combination with his severe back impairment would meet or equal any listed impairment, nor does he argue that the ALJ did not consider his mental limitations in the determination of his residual functional capacity. Said more simply, the plaintiff argues that the ALJ should have found his mental impairment to be severe but he does not, except in conclusory fashion, show how such alleged error would have affected the ultimate finding of the ALJ.

More significantly, however, the position of the plaintiff in this case has been

4

specifically rejected by the Sixth Circuit Court of Appeals. The Sixth Circuit addressed the same issue in *Riepen v. Comm'r of Soc. Sec.*, and stated as follows:

> [Claimant] first argues that the ALJ erred when finding that his MS was not a severe impairment for purposes of step two of the evaluation process. Because the ALJ ruled in [claimant's] favor at step two despite this finding, we need not review the ALJ's conclusion that [claimant's] MS was not a severe impairment at that step. Even if [claimant] is correct in his contention that the ALJ should have found his MS to be a severe impairment, this would not be a basis for reversal or remand because the ALJ considered all of [claimant's] alleged limitations throughout the remaining steps of the evaluation process. In *Maziarz v. Sec'y of Health and Human Services*, 837 F.2d 240, 244 (6th Cir. 1987), this Court held that once an ALJ determines that a claimant has at least one severe impairment, the ALJ must continue with the remaining steps in the sequential evaluation process and consider all impairments, including those which were found not to be "severe" at step two.

*Riepen v. Comm'r of Soc. Sec.*, 198 Fed. Appx. 414, 2006 WL 2873376, **1 (6th Cir., Oct. 10, 2006) (unpublished). As in *Riepen*, a reversal or remand is not required even if plaintiff is correct in his contention that the ALJ should have found his mental impairment to be a severe impairment. Likewise, the record clearly establishes that the ALJ considered all of plaintiff's alleged limitations throughout the remaining steps of the five sequential step process, even though the plaintiff disagrees with the weight given to certain of his physician's opinions. This issue clearly lacks merit.

    **B.**    **The Treating Physician Rule**

Plaintiff correctly argues, as the Magistrate Judge recognized, that the "medical opinion of the treating physician is to be given substantial deference, and if that opinion is

5

not contradicted, complete deference must be given." *Walker v. Sec'y of Health and Human Services*, 980 F.2d 1066, 1070 (6th Cir. 1992). Plaintiff likewise acknowledges that the treating physician rule does not apply where the treating physician's opinion is not sufficiently supported by medical findings or the treating physician has expressed a contrary opinion regarding impairment. *See generally Combs v. Commissioner*, 459 F.3d 640 (2006) (*en banc*).

Plaintiff then argues, in essence, that substantial evidence in the record would support his treating physician's views. Plaintiff's position here, however, misstates the law which this Court must apply in this Social Security appeal. If supported by substantial evidence, the Commissioner's decision must be affirmed even if a reviewing court would decide the matter differently, *see Kinsella v. Schweiker*, 708 F.2d 1058, 1059 (6th Cir. 1993) (*per curiam*), and even if substantial evidence also supports the opposite conclusion, *see Mullen v. Bowen*, 800 F.2d 535, 545 (6th Cir. 1986) (*en banc*). While the plaintiff does point out certain items of evidence which support his position, this Court must examine the evidence in the record taken as a whole and cannot simply disregard those parts of the record which support the ALJ's decision. *See Born v. Sec'y of Health and Human Services*, 923 F.2d 1168, 1173 (6th Cir. 1990). In sum, the finding of the Magistrate Judge that the ALJ's decision to disregard the treating physician's opinion is supported by substantial evidence is not erroneous and plaintiff's objection is not well taken.

**IV. Conclusion**

In accordance with the foregoing, this Court will accept and adopt the Magistrate

Judge's findings of fact, conclusions of law, and recommendations pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) and accordingly will **DENY** the plaintiff's motion for summary judgment, will **GRANT** the defendant's motion for summary judgment and this matter will be **DISMISSED**.

A separate order shall enter.

Enter:

<u>s/J. RONNIE GREER</u>
UNITED STATES DISTRICT JUDGE
